Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:    (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:        mark@markmerin.com
               paul@markmerin.com

Attorneys for Plaintiffs
ESTATE OF JONATHAN MADRIGAL,
LUIS MADRIGAL, and CARMEN MADRIGAL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ESTATE OF JONATHAN MADRIGAL, LUIS MADRIGAL, and CARMEN MADRIGAL, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

31-year-old JONATHAN MADRIGAL was arrested and booked into the El Dorado County Jail, in EL DORADO COUNTY SHERIFF'S OFFICE's custody, on October 18, 2022, while suffering from a serious medical condition, and placed under the care and supervision of jail staff, including contract medical personnel from CALIFORNIA FORENSIC MEDICAL GROUP doing-business-as WELLPATH. JONATHAN MADRIGAL was ignored by jail staff and his medical condition continued to deteriorate until he was found unresponsive and died in-custody on October 21, 2022.

1

**JURISDICTION & VENUE**

1.          This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

2.          Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3.          Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to Eastern District of California Local Rule 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the State of California, County of El Dorado.

**EXHAUSTION**

4.          On January 26, 2023, the ESTATE OF JONATHAN MADRIGAL, LUIS MADRIGAL, and CARMEN MADRIGAL submitted a government claim relating to the claims asserted in this action to the COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE, pursuant to California Government Code § 910 *et seq.* (Claim No. 23.00015; GHC Claim No. GHC0051401.)

5.          On January 27, 2023, the ESTATE OF JONATHAN MADRIGAL, LUIS MADRIGAL, and CARMEN MADRIGAL submitted an amended government claim relating to the claims asserted in this action to the COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE, pursuant to California Government Code § 910.6. (Claim No. 23.00015; GHC Claim No. GHC0051401.)

6.          By March 23, 2023, the COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE failed or refused to act on the government claim, pursuant to California Government Code § 912.4.

7.          On May 31, 2023, the COUNTY OF EL DORADO served a rejection of claim, pursuant to California Government Code § 913.

**PARTIES**

8.          Plaintiff ESTATE OF JONATHAN MADRIGAL appears by and through real-parties-in-interest Plaintiff LUIS MADRIGAL, the biological father of JONATHAN MADRIGAL, and Plaintiff

2

CARMEN MADRIGAL, the biological mother of JONATHAN MADRIGAL, who bring this action pursuant to California Code of Civil Procedure § 377.30. Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL bring this action as the successors-in-interest on behalf of the decedent JONATHAN MADRIGAL. Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL's declarations relating to their status as JONATHAN MADRIGAL's successors-in-interest are attached hereto, pursuant to California Code of Civil Procedure § 377.32.

9.     Plaintiff LUIS MADRIGAL is a resident of the State of California, County of El Dorado. Plaintiff LUIS MADRIGAL brings this action: (a) in a representative capacity, as a successor-in-interest to JONATHAN MADRIGAL and on behalf of Plaintiff ESTATE OF JONATHAN MADRIGAL; and (b) in an individual capacity, on behalf of himself. Plaintiff LUIS MADRIGAL is the biological father of JONATHAN MADRIGAL, and an heir to his estate under California law.

10.     Plaintiff CARMEN MADRIGAL is a resident of the State of California, County of El Dorado. Plaintiff CARMEN MADRIGAL brings this action: (a) in a representative capacity, as a successor-in-interest to JONATHAN MADRIGAL and on behalf of Plaintiff ESTATE OF JONATHAN MADRIGAL; and (b) in an individual capacity, on behalf of herself. Plaintiff CARMEN MADRIGAL is the biological mother of JONATHAN MADRIGAL, and an heir to his estate under California law.

11.     Defendant COUNTY OF EL DORADO is located in the State of California. Defendant COUNTY OF EL DORADO is a "public entity," pursuant to California Government Code § 811.2.

12.     Defendant EL DORADO COUNTY SHERIFF'S OFFICE is located in the State of California, County of EL DORADO. Defendant EL DORADO COUNTY SHERIFF'S OFFICE is a "public entity," pursuant to California Government Code § 811.2.

13.     Defendant JOHN D'AGOSTINI is and was, and at all times material herein, a law enforcement officer and the Sheriff-Coroner for Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE, acting under color of state law and within the scope of employment. Defendant JOHN D'AGOSTINI is sued in an individual capacity.

14.     Defendant CALIFORNIA FORENSIC MEDICAL GROUP, also-known-as CORRECTIONAL MEDICAL GROUP COMPANIES INC. and/or doing-business-as WELLPATH, INC., is a California corporation licensed to and doing business in the State of California, as a contracted

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Madrigal v. County of El Dorado*, United States District Court, Eastern District of California, Case No. _____

1    provider of healthcare/medical services to jail facilities.

2         15.    Defendants DOE 1 to 20 are and/or were agents, contractors, or employees of Defendants

3    COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, and/or CALIFORNIA

4    FORENSIC MEDICAL GROUP dba WELLPATH, acting under color of state law and within the scope

5    of agency or employment. Defendants DOE 1 to 20 are sued by fictitious names, where their true and

6    correct identities will be substituted when ascertained.

7                                    **GENERAL ALLEGATIONS**

8         16.    At all times relevant herein, all wrongful acts described were performed under color of

9    state law and/or in concert with or on behalf of those acting under the color of state law.

10                                       **Jonathan Madrigal**

11        17.    JONATHAN MADRIGAL was 31-years-old when he died on October 21, 2022.

12        18.    JONATHAN MADRIGAL had a history of disability, including physical and mental

13   conditions which substantially limited major life activities, including caring for oneself, performing

14   manual tasks, walking, standing, lifting, bending, concentrating, thinking, communicating, and working.

15        19.    For example, JONATHAN MADRIGAL suffered from Charcot-Marie-Tooth and

16   Friedreich Ataxia diseases, which limited physical motor ability and muscle control. Additionally,

17   JONATHAN MADRIGAL suffered from substance dependency issues, which affected mental and

18   physical responses.

19        20.    JONATHAN MADRIGAL's disabilities had been well-documented and he received care

20   and treatment for his conditions and was prescribed medications for years preceding his death.

21        21.    Prior to October 18, 2022, JONATHAN MADRIGAL had been booked into the El

22   Dorado County Jail on multiple occasions, in the custody of Defendant EL DORADO COUNTY

23   SHERIFF'S OFFICE.

24        22.    Prior to October 18, 2022, Defendant EL DORADO COUNTY SHERIFF'S OFFICE

25   maintained a documented history of JONATHAN MADRIGAL and his disabilities. For example, on a

26   prior occasion, JONATHAN MADRIGAL suffered from substance dependency-related withdrawals

27   upon booking into the El Dorado County Jail, for which he received medical care and treatment.

28   JONATHAN MADRIGAL was transferred to an outside medical facility, where he was provided with

4

1  medical care and treatment to accommodate his illness, before being returned to the El Dorado County

2  Jail in Defendant EL DORADO COUNTY SHERIFF'S OFFICE's custody.

3  **County of El Dorado**

4  23.  Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S

5  OFFICE operate and manage jail facilities, including the El Dorado County Jail in Placerville, California.

6  24.  Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S

7  OFFICE are responsible for the actions and/or inactions and the policies and customs of their employees,

8  agents, and contractors, including responsibilities for ensuring the provision of emergency and basic

9  healthcare/medical services to inmates at the El Dorado County Jail.

10  25.  From 2007 to present, Defendants COUNTY OF EL DORADO and EL DORADO

11  COUNTY SHERIFF'S OFFICE has contracted with Defendant CALIFORNIA FORENSIC MEDICAL

12  GROUP (acquired by H.I.G. CAPITAL, LLC in January 2013; rebranded WELLPATH in October 2018)

13  to provide jail inmate healthcare/medical services, mental health services, and psychotropic medications.

14  26.  Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, through its

15  executives, officers, leadership, employees, agents and representatives, provide a governmental function

16  and stand in the same capacity as Defendants COUNTY OF EL DORADO and EL DORADO COUNTY

17  SHERIFF'S OFFICE in carrying out contracted duties at the El Dorado County Jail.

18  27.  Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S

19  OFFICE, jointly with Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH,

20  were and are responsible for development of joint policies and procedures affecting inmates requiring

21  healthcare/medical services and treatment in custody and to provide continuity of care from the time a

22  detainee is booked until they are released.

23  28.  Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S

24  OFFICE are responsible for overseeing and ensuring that Defendant CALIFORNIA FORENSIC

25  MEDICAL GROUP dba WELLPATH's staff complies with their contractual responsibilities to inmate

26  healthcare/medical services.

27  **H.I.G. Capital, LLC aka California Forensic Medical Group dba Wellpath**

28  29.  Defendant CALIFORNIA FORENSIC MEDICAL GROUP has also been known as

5

CORRECTIONAL MEDICAL GROUP COMPANIES INC. since 2013. H.I.G. CAPITAL, LLC acquired Defendant CALIFORNIA FORENSIC MEDICAL GROUP, rebranding its name under the umbrella of Correctional Medical Group Companies in 2013.

30.     Defendant CALIFORNIA FORENSIC MEDICAL GROUP has also been known as WELLPATH since October 1, 2018. On October 1, 2018, H.I.G. CAPITAL, LLC announced acquisition and joining of forces of Correctional Medical Group Companies with Correct Care Solutions, creating a partnership with management, and rebranding as "Wellpath."

31.     Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH was and is owned and controlled by H.I.G. CAPITAL, LLC.

32.     Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH acts on behalf of H.I.G. CAPITAL, LLC and was and is responsible for the hiring, retaining, training, and supervising of the conduct, policies and practices of its employees and agents of Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH.

33.     H.I.G. CAPITAL, LLC acquired Defendant CALIFORNIA FORENSIC MEDICAL GROUP in 2013 and rebranded its name to Correctional Medical Group Companies. H.I.G. CAPITAL, LLC is the owner, manager, and partner of Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH.

34.     Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH's executives, directors, supervisors and managers, physicians, nurses, licensed vocational nurses, health providers act on behalf of H.I.G. CAPITAL, LLC.

35.     H.I.G. CAPITAL, LLC is the alter ego of Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and/or vice versa.

36.     H.I.G. CAPITAL, LLC places its in-house professional and expertise as board members of CFMG to ensure their control over Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, resulting in a unity of interest and ownership lack of separate personalities between H.I.G. CAPITAL, LLC and Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH and their employees and agents.

37.     H.I.G. CAPITAL, LLC places at least two managing directors and one principal of its

private equity team as board members, chief financial officers, or other executive officers for Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, ensuring continuity of financial and practical control and management.

38.     H.I.G. CAPITAL, LLC uses Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH as a shell, instrumentality, or conduit for financially profiting from providing mental/medical care to inmates/prisoners.

**Jonathan Madrigal's Arrest, Incarceration, and Death**

39.     On October 18, 2022, in the evening, JONATHAN MADRIGAL was driving a vehicle in which his brother was a passenger, in El Dorado Hills, California.

40.     JONATHAN MADRIGAL suddenly became ill and his legs and arms began to shake uncontrollably.

41.     Earlier that day, JONATHAN MADRIGAL had ingested methamphetamine, which caused him suddenly to become ill.

42.     JONATHAN MADRIGAL pulled-over the vehicle he was driving.

43.     A law enforcement officer arrived in a law enforcement vehicle and contacted JONATHAN MADRIGAL.

44.     A law enforcement officer searched JONATHAN MADRIGAL's vehicle and located drug paraphernalia.

45.     On October 19, 2022, around 12:25 a.m., JONATHAN MADRIGAL and his brother were arrested by law enforcement.

46.     JONATHAN MADRIGAL was booked into Defendant EL DORADO COUNTY SHERIFF'S OFFICE's custody as a pre-trial detainee at the El Dorado County Jail.

47.     Defendants DOE 1 to 20, including Defendant EL DORADO COUNTY SHERIFF'S OFFICE's personnel ("custody staff") and Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH's personnel ("medical staff"), knew or should have known that JONATHAN MADRIGAL was gravely ill and required immediate medical care and treatment.

48.     On October 19, 2022, at 12:32 a.m., the medical staff conducted a receiving screening on JONATHAN MADRIGAL.

49.     The medical staff identified on JONATHAN MADRIGAL's medical records the following: "Behavior: Appears under the influence/intoxicated/withdrawing from substance"; "Drugs: Yes (heroin, fentanyl, meth)"; "Frequency: daily"; "Duration: Greater than 1 year"; "Currently withdrawing? … Yes"; "Monitoring: … COWS" [Clinical Opiate Withdrawal Scale]; "Placement / Housing Recommendation: … Other: (per custody)"; "Does patient need a referral? Yes"; and "Medical: … Routine (+5 days)."

50.     The medical staff entered an "Alert" in JONATHAN MADRIGAL's medical records for "Active Withdrawal."

51.     On October 19, 2022, at 1:38 a.m., the medical staff notified the "Sgt on duty" that JONATHAN MADRIGAL required special housing and monitoring.

52.     The custody and medical staff housed JONATHAN MADRIGAL in a cell near the jail's infirmary, "B Holding," based on the jail staff's recognition that JONATHAN MADRIGAL was ill.

53.     The custody and medical staff, including Defendants DOE 1 to 20, knew that JONATHAN MADRIGAL was suffering the effects of overdose/withdrawal, upon intake and during his incarceration at the jail.

54.     The medical staff, including Defendants DOE 1 to 20, were indifferent to JONATHAN MADRIGAL's immediate and urgent medical need, including by failing to provide access to necessary medical care and failing adequately and timely to conduct drug overdose/withdrawal screening, observation, and treatment.

55.     The medical staff, including Defendants DOE 1 to 20, did not provide JONATHAN MADRIGAL with adequate and necessary medical care or treatment, and did not arrange for his transportation to an outside facility where he could receive adequate and necessary medical care or treatment, despite recognizing that immediate medical care or treatment was required.

56.     The custody staff, including Defendants DOE 1 to 20, did not arrange for JONATHAN MADRIGAL transportation to an outside facility where he could receive adequate and necessary medical care or treatment, despite recognizing that immediate medical care or treatment was required.

57.     JONATHAN MADRIGAL's illness continued for multiple days, and his condition and health deteriorated from October 19, 2022, to October 21, 2022.

58. The custody and medical staff failed to arrange for JONATHAN MADRIGAL's access to necessary medical care or treatment as he continued to become more ill.

59. On October 20, 2022, Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL, JONATHAN MADRIGAL's parents, arrived at the El Dorado County Jail to visit JONATHAN MADRIGAL.

60. The jail staff informed Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL that had JONATHAN MADRIGAL refused their visit.

61. Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL were concerned by JONATHAN MADRIGAL's alleged refusal to visit, because they knew JONATHAN MADRIGAL was ill when he was booked into the jail and JONATHAN MADRIGAL had never refused his parents' visits during prior periods of incarceration.

62. On October 20, 2022, around 9:41 p.m., JONATHAN MADRIGAL complained to the medical staff of vomiting or diarrhea.

63. On October 21, 2022, around 3:00 a.m., the jail staff observed JONATHAN MADRIGAL vomiting in his cell.

64. The custody staff moved JONATHAN MADRIGAL to holding cell "B" for monitoring by custody staff.

65. Around 7:50 a.m., custody staff observed JONATHAN MADRIGAL for the last time.

66. Around 8:49 a.m., the custody staff observed that JONATHAN MADRIGAL was non-responsive inside of his cell.

67. The custody staff radioed for the medical staff and requested a response to JONATHAN MADRIGAL's cell because he was "unresponsive."

68. At approximately 8:51 a.m., the custody staff determined that JONATHAN MADRIGAL had no pulse and began cardiopulmonary resuscitation ("CPR") efforts.

69. At approximately 8:50 a.m. and 8:53 a.m., the medical staff administered Narcan to JONATHAN MADRIGAL.

70. At approximately 8:53 a.m., the custody staff administered an automated external defibrillator ("AED") device to JONATHAN MADRIGAL.

9

71.     At approximately 8:57 a.m., emergency medical services ("EMS") paramedics arrived at the scene and assumed care for JONATHAN MADRIGAL.

72.     At approximately 9:10 a.m., EMS paramedics declared JONATHAN MADRIGAL dead.

73.     The custody and medical staff were indifferent to JONATHAN MADRIGAL's immediate and urgent medical need for the duration of his three-day incarceration, including by failing to provide access to necessary medical care and failing timely to conduct required and necessary safety and medical checks, contributing to and resulting in JONATHAN MADRIGAL's death.

74.     On January 12, 2023, JONATHAN MADRIGAL's autopsy reported the following findings: "Intussusception of small intestine"; "Right pleural adhesions"; "Kyphosis, status post spinal fusion surgery"; "Dark red abrasion of the left hip"; "Dark red abrasion of the left lateral thigh"; and "Toxicology is positive for acetaminophen, meclizine and methamphetamine."

75.     JONATHAN MADRIGAL's autopsy reported the cause of death as "Methamphetamine Intoxication."

## POLICY AND CUSTOM ALLEGATIONS

76.     Defendant JOHN D'AGOSTINI was Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE's Sheriff from January 2011 to January 2023.

77.     Defendant JOHN D'AGOSTINI, as Sheriff, was a final policymaking authority for Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE, , including as it relates to the maintenance and operation of jail and detention facilities, such as the El Dorado County Jail; the hiring, screening, training, supervision, counseling, discipline, and control of law enforcement officers acting under his command; the safekeeping of inmates/prisoners in his custody; the prompt transfer of inmates to appropriate out-of-facility placements; and the promulgation of the policies and procedures and allowance of the practices and customs. *See* Cal. Const. Art. XI § 1(b); Cal. Pen. Code § 4000; Cal. Pen. Code § 4006; Cal. Gov. Code § 26605; Cal. Gov. Code § 26610.

78.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH were charged by law with the administration of the El Dorado County Jail and delivery of healthcare/medical services, including during JONATHAN MADRIGAL's incarceration in October 2022.

79. Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE, and JOHN D'AGOSTINI failed adequately to monitor the administration of the obligations imposed by the contract with Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, including staffing and delivery of healthcare/medical services at the El Dorado County Jail.

80. Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, including their custody and medical staff, had a duty to provide JONATHAN MADRIGAL with adequate medical treatment, including a duty to respond with reasonable diligence to treat his serious acute medical conditions, where they knew or should have known that JONATHAN MADRIGAL required immediate medical attention from October 18, 2022, to October 21, 2022, but failed to do so.

81. Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, including their custody and medical staff, exhibited a pattern of indifferent behavior to JONATHAN MADRIGAL's serious acute medical conditions, from October 18, 2022, to October 21, 2022. For example:

(a) The custody and medical staff failed adequately to screen, assess, classify, and assign JONATHAN MADRIGAL's housing and monitoring;

(b) The custody staff failed adequately to observe, inform, and notify the medical staff of JONATHAN MADRIGAL's need for immediate medical attention;

(c) The medical staff failed adequately to provide healthcare/medical services to JONATHAN MADRIGAL; and

(d) The custody and medical staff failed adequately to arrange, secure, and execute JONATHAN MADRIGAL's transfer to an outside facility which could provide adequate healthcare/medical services.

82. Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, including their custody and medical staff, maintained policies and customs of inadequate supervision and reporting

11

relating to healthcare/medical services and treatment at the El Dorado County Jail, resulting in the violation of constitutional rights of persons held in their detention facilities, including JONATHAN MADRIGAL. For example, inadequate polices, customs, training, supervision, and discipline of custody and medical staff resulted in the following deficiencies:

(a)     Failure promptly to assess, identify, and recognize whether newly arrived inmates are suffering or will suffer from drug overdose/withdrawal;

(b)     Failure adequately to observe, monitor, and review inmates for possible drug overdose/withdrawal;

(c)     Failure adequately to provide jail staff with training on inmates with drug overdose/withdrawal-related issues;

(d)     Failure adequately to provide access to healthcare/medical services and treatment, continuity of care, and access to a higher level of care not available at the jail;

(e)     Failure adequately to classify, house, and monitor inmates suffering from mental health disabilities in compliance with statutory mandates;

(f)     Failure adequately to maintain sufficient, competent, required, and contracted healthcare/medical services;

(g)     Failure adequately to utilize appropriate national and local accepted minimum standards, procedures, and practices for handling inmates suffering from drug overdose/withdrawal;

(h)     Failure adequately to institute, require, and enforce proper and adequate training, supervision, policies, procedures and practices concerning inmates suffering from drug overdose/withdrawal;

(i)     Failure adequately to comply, enforce, and implement self-imposed policies and procedures;

(j)     Failure adequately to maintain competent supervision and training of jail staff concerning inmates suffering from drug overdose/withdrawal;

(k)     Failure adequately to place inmates' safety and needs, including duties and responsibilities to provide sufficient and competent healthcare/medical services to patients/inmates, above financial interests and/or profits;

12

(l)     Failure adequately to provide inmates with access to necessary and appropriate healthcare/medical services;

(m)     Failure adequately to utilize isolation or segregation/separation housing;

(n)     Failure adequately to monitor inmates in isolation or segregation/separation housing;

(o)     Failure promptly to evaluate and transfer inmates to a hospital or facility providing appropriate and necessary healthcare/medical services, where an inmate presents a serious medical need;

(p)     Failure adequately to implement necessary emergency treatment policies; and/or

(q)     Failure adequately to provide necessary staffing and training at the El Dorado County Jail for the purpose of providing minimally-adequate healthcare/medical services.

83.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH's policies and customs fail to comply with the standards set forth by the National Commission on Correctional Health Care ("NCCHC"), including requirements related to inmates suffering from drug overdose/withdrawal.

84.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH's policy or custom is demonstrated, for example, by the occurrence of several preventable deaths at the El Dorado County Jail, including that of JONATHAN MADRIGAL, based on custody and medical staff's failure inadequately to provide healthcare/medical services:

(a)     On July 28, 2022, Dustin Heier, 40, died shortly after being booked into Defendant EL DORADO COUNTY SHERIFF'S OFFICE's custody at the El Dorado County Jail. Dustin Heier had epilepsy and was transported to the hospital, returned to the jail, and then transported to the hospital a second time before he died. Robert J. Hansen, *Questions Arise about In-Custody Death at El Dorado County Jail* (Aug. 9, 2022), available at: <https://www.davisvanguard.org/2022/08/questions-arise-about-in-custody-death-at-el-dorado-county-jail/>.

(b)     On January 4, 2019, Anthony Marino, 39, died while in Defendant EL DORADO COUNTY SHERIFF'S OFFICE's custody at the El Dorado County Jail. Anthony Marino was found

13

unresponsive in his cell after jail staff ignored him for hours. Molly Sullivan, *Man dies in custody at El Dorado County jail, sheriff says* (Jan. 7, 2019), available at: <https://amp.sacbee.com/article224022560.html>.

(c)     On August 27, 2016, Dennis Renk, 39, died in a solitary cell while in Defendant EL DORADO COUNTY SHERIFF'S OFFICE's custody at the El Dorado County Jail. Dennis Renk was found unresponsive in his cell after jail staff ignored him for hours and failed to respond to his calls and complaints of chest pains. Amanda Williams, *El Dorado County Jail inmate dead* (Aug. 31, 2016), available at: <https://www.mtdemocrat.com/news/inmate-dies-in-el-dorado-county-jail/>.

(d)     On September 19, 2015, Lawrence Spies Jr., 34, died in a solitary cell while in Defendant EL DORADO COUNTY SHERIFF'S OFFICE's custody at the El Dorado County Jail. Lawrence Spies Jr. was booked in the middle of the night, with notice provided to jail staff that he had a history of depression and suicide attempts, including a prior suicide attempt at the El Dorado County Jail. Lawrence Spies Jr. was not assigned to specialized housing, was left alone in a solitary cell, and was not checked for hours. Lawrence Spies Jr. fashioned a noose from torn bedsheets and hung himself in his cell. A civil rights lawsuit was filed against Defendants COUNTY OF EL DORADO and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH. *Spies v. El Dorado County*, United States District Court, Eastern District of California, Case No. 2:16-cv-02232-WBS-GGH. In August 2018, the case was settled pre-trial for $1,050,000. Mountain Democrat, *Spies family awarded more than $1 million for wrongful death* (Aug. 31, 2018), available at: <https://www.mtdemocrat.com/news/spies-family-awarded-more-than-1-million-for-wrongful-death/>.

85.     Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE employ a private for-profit company, Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, to deliver constitutionally-mandated medical services to inmates, with knowledge that the services provided are non-compliant with the contractually bargained-for services, constitutionally inadequate, and unlawful. For example:

(a)     Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH "has been sued nearly 500 times over the last five years across the country, according to an online review of lawsuits." Brooks Jarosz , Lisa Fernandez & Simone Aponte, *Santa Rita Jail's medical provider is*

14

*target of lawsuits, complaints about lack of care* (May 5, 2021), available at:

<https://www.ktvu.com/news/santa-rita-jails-medical-provider-is-target-of-lawsuits-complaints-about-lack-of-care>.

(b)      In August 2021, the Civil Rights Division and the United States Attorney's Office for the Central District of California completed an investigation into the conditions of confinement at the San Luis Obispo County Jail, where medical and mental health services were operated by Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH since February 2019. Therein, the investigative report concluded, *inter alia*: "Wellpath and its staff appear not to take seriously prisoner grievances or the grievance process as a mechanism for prisoners to raise legitimate medical concerns"; "Wellpath fails to provide adequate staffing to prevent delays in medical care that place prisoners at substantial risk of serious harm"; "[t]he Jail provided no evidence that Wellpath has corrected these deficiencies" related to failure to "conduct critical incident reviews, and when prisoners died, death reviews … includ[ing] a meaningful analysis into causal factors or systemic issues"; and "Wellpath does not routinely analyze the quality of care that it provides." <https://www.justice.gov/opa/press-release/file/1429076/download?utm_medium=email&utm_source=govdelivery>.

(c)      Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH has "faced repeated complaints of inadequate mental healthcare." *Estate of Linda Miller v. County of Sutter*, U.S. District Court, Eastern District of California, Case No. 2:20-cv-00577-KJM-DMC, ECF No. 67 at 25 (E.D. Cal. Oct. 30, 2020).

(d)      In June 2018, Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH and the County of Lake paid $2,000,000 to settle a federal civil rights lawsuit involving the suicide of an 86-year-old woman at a county jail. The case revealed the "jail's medical services provider was in violation of state regulations" and Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH utilized "lesser trained vocational nurses to make key medical and mental health decisions for prisoners." This was the third lawsuit against Defendant CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH and the County of Lake involving a jail suicide. Julie Johnson, *Lake County settles jail suicide case for $2 million* (June 18, 2018), available at: <https://www.pressdemocrat.com/article/news/lake-county-settles-jail-suicide-case-for-2-

million/?sba=AAS>.

(e)     As of 2015, over a 10-year period, county jails contracting with Defendant CALIFORNIA FORENSIC MEDICAL GROUP had a rate of suicide 50 percent higher than in other county jails in California, and at least three county grand juries had criticized its role in inmate deaths. Brad Branan, *California for-profit company faces allegations of inadequate inmate care* (Jan. 17, 2015), available at: <https://amp.sacbee.com/article7249637.html>.

(f)     In 2015, Defendant CALIFORNIA FORENSIC MEDICAL GROUP entered into a class action settlement which required it to address issues of inadequate medical and mental healthcare, inadequate staffing, and accommodations for disabled prisoners and serious safety problems at the Monterey County Jail. *Hernandez v. County of Monterey*, U.S. District Court, Northern District of California, Case No. 5:13-cv-02354-BLF, ECF No. 485 (N.D. Cal. May 15, 2015). Defendant CALIFORNIA FORENSIC MEDICAL GROUP failed completely to comply with the terms of the settlement, and the court issued an order compelling its compliance. *Id*. ECF No. 617 (N.D. Cal. Nov. 1, 2017).

(g)     In 2013–2014, the Santa Cruz County Grand Jury addressed multiple deaths in the county jail where Defendant CALIFORNIA FORENSIC MEDICAL GROUP provided services. The investigation reviewed five in-custody deaths between August 2012 and July 2013, including four deaths which occurred after Defendant CALIFORNIA FORENSIC MEDICAL GROUP assumed responsibility for the medical services at the jail. Each of the individuals who died in-custody had medical problems, mental health problems, or both. In each in-custody death case, the report identified failures at critical points in the process, sometimes finding that individuals were incorrectly classified, not properly monitored, or inadequately treated. <https://www.co.santa-cruz.ca.us/Portals/0/County/GrandJury/GJ2014_final/2013-2014_SantaCruzCountyGrandJuryFinalReport_complete.pdf>.

86.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH were aware of the policies and customs described above, including repeated in-custody deaths at the El Dorado County Jail due to the custody and medical staff's indifference and deficiencies in the delivery of

16

healthcare/medical services in violation of National Commission on Correctional Healthcare ("NCCHC") and other local standards, including inadequate screening and assessments concerning inmates suffering drug overdose/withdrawal.

87.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH were or should have been on notice regarding the need to discontinue, modify, or implement new and different versions of deficient policies or customs because the inadequacies constituted life-threatening decision and were so obvious and likely to result in violations of the rights of inmates housed at the El Dorado County Jail, including JONATHAN MADRIGAL.

88.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH's inadequate policies, customs, training, and supervision proximately caused violations of the rights of inmates housed at the El Dorado County Jail, including JONATHAN MADRIGAL.

## FIRST CLAIM

### Deliberate Indifference

### (U.S. Const. Amend. XIV; 42 U.S.C. § 1983)

89.     Plaintiff ESTATE OF JONATHAN MADRIGAL (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

90.     The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

91.     Defendants DOE 1 to 20 intentionally refused to provide JONATHAN MADRIGAL with necessary healthcare/medical services and treatment, putting JONATHAN MADRIGAL at substantial risk of suffering serious harm, and did not take reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, in violation of the Fourteenth Amendment to the U.S. Constitution.

92.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE,

17

JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH maintained policies or customs of action and inaction and knew or should have known that jail staff under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, in violation of the Fourteenth Amendment to the U.S. Constitution.

93. Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

94. JONATHAN MADRIGAL was injured as a direct and proximate result of Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JONATHAN MADRIGAL to receive compensatory and nominal damages against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20; and punitive damages against Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JONATHAN MADRIGAL prays for relief as hereunder appears.

## SECOND CLAIM

### Title II of the Americans with Disabilities Act

### (42 U.S.C. § 12101, *et seq.*)

95. Plaintiff ESTATE OF JONATHAN MADRIGAL (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE.

96. The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

97. Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. §

18

35.104. Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH receive federal financial assistance. JONATHAN MADRIGAL had an impairment that substantially limited one or more major life activities and had a record of such an impairment.

98.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20 failed reasonably to accommodate JONATHAN MADRIGAL's disabilities and impairments, where a reasonable accommodation was available, including: (a) by monitoring, classifying, and housing JONATHAN MADRIGAL in a manner which he could receive necessary healthcare/medical services and treatment; (b) by providing JONATHAN MADRIGAL with necessary healthcare/medical services and treatment; and/or (c) by transferring JONATHAN MADRIGAL to an outside facility which could provide necessary healthcare/medical services and treatment, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

99.     JONATHAN MADRIGAL was injured as a direct and proximate result of Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JONATHAN MADRIGAL to receive compensatory and nominal damages against Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE.

WHEREFORE, Plaintiff ESTATE OF JONATHAN MADRIGAL prays for relief as hereunder appears.

### THIRD CLAIM

### Section 504 of the Rehabilitation Act

### (29 U.S.C. § 701, *et seq.*)

100.     Plaintiff ESTATE OF JONATHAN MADRIGAL (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH.

19

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Madrigal v. County of El Dorado*, United States District Court, Eastern District of California, Case No. _____

101.    The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

102.    Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH receive federal financial assistance. JONATHAN MADRIGAL had an impairment that substantially limited one or more major life activities and had a record of such an impairment.

103.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20 failed reasonably to accommodate JONATHAN MADRIGAL's disabilities and impairments, where a reasonable accommodation was available, including: (a) by monitoring, classifying, and housing JONATHAN MADRIGAL in a manner which he could receive necessary healthcare/medical services and treatment; (b) by providing JONATHAN MADRIGAL with necessary healthcare/medical services and treatment; and/or (c) by transferring JONATHAN MADRIGAL to an outside facility which could provide necessary healthcare/medical services and treatment, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*

104.    JONATHAN MADRIGAL was injured as a direct and proximate result of Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JONATHAN MADRIGAL to receive compensatory and nominal damages against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH.

WHEREFORE, Plaintiff ESTATE OF JONATHAN MADRIGAL prays for relief as hereunder appears.

\ \ \

\ \ \

\ \ \

## <u>FOURTH CLAIM</u>

**Unwarranted Interference with Familial Association**

**(U.S. Const. Amend. XIV; 42 U.S.C. § 1983)**

105.     Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL assert this Claim against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

106.     The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

107.     Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL shared a close relationship and special bond with JONATHAN MADRIGAL, their biological son, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close parent-child familial relationship.

108.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20 caused the termination of and interference with Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL's familial relationship with JONATHAN MADRIGAL, in the violation the Fourteenth Amendment to the U.S. Constitution.

109.     Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

110.     Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL were injured as a direct and proximate result of Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions, entitling them to receive compensatory and nominal damages against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20; and punitive damages against Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

21

WHEREFORE, Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL pray for relief as hereunder appears.

## FIFTH CLAIM

### Unwarranted Interference with Familial Association

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

111.     Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL assert this Claim against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

112.     The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

113.     Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL shared a close relationship and special bond with JONATHAN MADRIGAL, their biological son, which included deep attachments, commitments, and distinctively personal aspects of their lives and was typical of a close parent-child familial relationship.

114.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20 caused the termination of and interference with Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL's familial relationship with JONATHAN MADRIGAL, in the violation the First Amendment to the U.S. Constitution.

115.     Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

116.     Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL were injured as a direct and proximate result of Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions, entitling them to receive compensatory and nominal damages against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20;

22

and punitive damages against Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

WHEREFORE, Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL pray for relief as hereunder appears.

### SIXTH CLAIM

**Failure to Summon Medical Care**

**(Cal. Gov. Code § 845.6)**

117.    Plaintiff ESTATE OF JONATHAN MADRIGAL (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and DOE 1 to 20.

118.    The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

119.    Defendants DOE 1 to 20 knew or had reason to know that JONATHAN MADRIGAL was in need of immediate medical care and failed to take reasonable action to summon such medical care, in violation of California Government Code § 845.6.

120.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH maintained policies or customs of action and inaction, in violation of California Government Code § 845.6.

121.    Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of agents, employees, and contractors acting within the scope of employment, including Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

122.    Defendants JOHN D'AGOSTINI and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

123.    JONATHAN MADRIGAL was injured as a direct and proximate result Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI,

23

CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JONATHAN MADRIGAL to receive compensatory damages against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and DOE 1 to 20; and punitive damages against Defendants JOHN D'AGOSTINI and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JONATHAN MADRIGAL prays for relief as hereunder appears.

### SEVENTH CLAIM

**Tom Bane Civil Rights Act**

**(Cal. Civ. Code § 52.1)**

124.    Plaintiff ESTATE OF JONATHAN MADRIGAL (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

125.    The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Deliberate Indifference

126.    Defendants DOE 1 to 20 intentionally refused to provide JONATHAN MADRIGAL with necessary healthcare/medical services and treatment, putting JONATHAN MADRIGAL at substantial risk of suffering serious harm, and did not take reasonable available measures to abate that risk, where a reasonable official in the circumstances would have appreciated the high degree of risk involved, with deliberate indifference or reckless disregard, in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 7(a) of the California Constitution.

127.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH maintained policies or customs of action and inaction and knew or should have known that jail staff under their command were inadequately trained, supervised, or disciplined resulting from either the lack of proper training, pursuant to policy, or the result of the lack of policy, with deliberate indifference or

24

1 reckless disregard, in violation of the Fourteenth Amendment to the U.S. Constitution and Article I,

2 Section 7(a) of the California Constitution.

3         Section 504 of the Rehabilitation Act & Title II of the Americans with Disabilities Act

4       128.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE,

5 JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to

6 20 failed reasonably to accommodate JONATHAN MADRIGAL's disabilities and impairments, where a

7 reasonable accommodation was available, including: (a) by monitoring, classifying, and housing

8 JONATHAN MADRIGAL in a manner which he could receive necessary healthcare/medical services

9 and treatment; (b) by providing JONATHAN MADRIGAL with necessary healthcare/medical services

10 and treatment; and/or (c) by transferring JONATHAN MADRIGAL to an outside facility which could

11 provide necessary healthcare/medical services and treatment, with deliberate indifference or reckless

12 disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. and Americans with Disabilities

13 Act, 42 U.S.C. § 12101, *et seq*.

14               Failure to Summon Medical Care

15       129.    Defendants DOE 1 to 20 knew or had reason to know that JONATHAN MADRIGAL was

16 in need of immediate medical care and failed to take reasonable action to summon such medical care,

17 with deliberate indifference or reckless disregard in violation of California Government Code § 845.6.

18       130.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE,

19 JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH

20 maintained policies or customs of action and inaction, with deliberate indifference or reckless disregard

21 in violation of California Government Code § 845.6.

22                 Failure to Staff and Monitor

23       131.    Defendants DOE 1 to 20 failed to conduct visual safety checks and remain accessible to

24 JONATHAN MADRIGAL, with deliberate indifference or reckless disregard of rights protected by

25 California Code of Regulations, tit. 15 § 1027 *et seq*.

26       132.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE,

27 JOHN D'AGOSTINI, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH

28 maintained policies or customs of action and inaction resulting in harm to JONATHAN MADRIGAL,

with deliberate indifference or reckless disregard of rights protected by California Code of Regulations, tit. 15 § 1027 *et seq.*

(Common Allegations to All Theories)

133.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of agents, employees, and contractors acting within the scope of employment, including Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

134.    Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

135.    JONATHAN MADRIGAL was injured as a direct and proximate result Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JONATHAN MADRIGAL to receive compensatory and treble damages and civil penalties against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20; and punitive damages against Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JONATHAN MADRIGAL prays for relief as hereunder appears.

<h3 style="text-align:center">EIGHTH CLAIM</h3>
<h4 style="text-align:center">Intentional Infliction of Emotional Distress</h4>

136.    Plaintiff ESTATE OF JONATHAN MADRIGAL (pursuant to California Code of Civil Procedure § 377.30) asserts this Claim against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

137.     The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

138.     Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20 engaged in outrageous conduct, with intent or reckless disregard of the probability that JONATHAN MADRIGAL would suffer emotional distress and he did suffer severe emotional distress, including by exhibiting deliberate indifference to JONATHAN MADRIGAL's need for healthcare/medical services and treatment; by failing reasonably to accommodate JONATHAN MADRIGAL's disabilities and impairments; by failing timely to summon necessary medical care, in violation of California Government Code § 845.6; and/or by failing to conduct necessary and required checks, including in violation of California Code of Regulations, tit. 15 § 1027 *et seq*.

139.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH engaged in outrageous conduct, with intent or reckless disregard of the probability that JONATHAN MADRIGAL would suffer emotional distress and he did suffer severe emotional distress, including by failing timely to summon necessary medical care, in violation of California Government Code § 845.6.

140.     Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code §§ 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of agents, employees, and contractors acting within the scope of employment, including Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

141.     Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

142.     JONATHAN MADRIGAL was injured as a direct and proximate result Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JONATHAN MADRIGAL to receive compensatory damages

27

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Madrigal v. County of El Dorado*, United States District Court, Eastern District of California, Case No. _____

1  against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN

2  D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20;

3  and punitive damages against Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL

4  GROUP dba WELLPATH, and DOE 1 to 20.

5      WHEREFORE, Plaintiff ESTATE OF JONATHAN MADRIGAL prays for relief as hereunder

6  appears.

7  ### NINTH CLAIM

8  **Negligence**

9      143.    Plaintiff ESTATE OF JONATHAN MADRIGAL (pursuant to California Code of Civil

10  Procedure § 377.30) asserts this Claim against Defendants COUNTY OF EL DORADO, EL DORADO

11  COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP

12  dba WELLPATH, and DOE 1 to 20.

13      144.    The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the

14  extent relevant and as if fully set forth in this Claim.

15      145.    Defendants CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE

16  1 to 20 owed a duty of care to JONATHAN MADRIGAL and breached that duty, including by failing to

17  prevent foreseeable harm to JONATHAN MADRIGAL; by exhibiting deliberate indifference to

18  JONATHAN MADRIGAL's need for medical care; by failing reasonably to accommodate JONATHAN

19  MADRIGAL's mental impairment; by failing timely to summon medical care, in violation of California

20  Government Code § 845.6; and/or by failing to conduct required checks, including in violation of

21  California Code of Regulations, tit. 15 § 1027 *et seq.*

22      146.    Defendant JOHN D'AGOSTINI owed a duty of care to JONATHAN MADRIGAL,

23  including a special relationship with JONATHAN MADRIGAL and Defendants CALIFORNIA

24  FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20, and breached that duty, including

25  by maintaining policies or customs of action and inaction which resulted in harm to JONATHAN

26  MADRIGAL.

27      147.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE,

28  and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH owed a duty of care to

28

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Madrigal v. County of El Dorado*, United States District Court, Eastern District of California, Case No. _____

JONATHAN MADRIGAL created by California Government Code § 845.6 and breached that duty, including by maintaining policies or customs of action and inaction resulting in harm.

148.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), 845.6, for injuries proximately caused by the acts and omissions of agents, employees, and contractors acting within the scope of employment, including Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

149.    Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

150.    JONATHAN MADRIGAL was injured as a direct and proximate result Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and inactions, entitling Plaintiff ESTATE OF JONATHAN MADRIGAL to receive compensatory damages against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20; and punitive damages against Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

WHEREFORE, Plaintiff ESTATE OF JONATHAN MADRIGAL prays for relief as hereunder appears.

## TENTH CLAIM

### Wrongful Death

### (Cal. Code Civ. Proc. § 377.60)

151.    Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL assert this Claim against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

152.    The allegations of the preceding paragraphs 1 to 88 are realleged and incorporated, to the

29

1    extent relevant and as if fully set forth in this Claim.

2        153.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE,

3    JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to

4    20 caused JONATHAN MADRIGAL's death by wrongful act and neglect, including by failing to

5    prevent foreseeable harm to JONATHAN MADRIGAL; by exhibiting deliberate indifference to

6    JONATHAN MADRIGAL's need for medical care; by failing reasonably to accommodate JONATHAN

7    MADRIGAL's mental impairment; by failing timely to summon medical care, in violation of California

8    Government Code § 845.6; and/or by failing to conduct required checks, including in violation of

9    California Code of Regulations, tit. 15 § 1027 *et seq.*

10       154.    Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE,

11   and CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH are vicariously liable, through

12   the principles of *respondeat superior* and pursuant to California Government Code § 815.2(a), 845.6, for

13   injuries proximately caused by the acts and omissions of agents, employees, and contractors acting

14   within the scope of employment, including Defendants JOHN D'AGOSTINI, CALIFORNIA

15   FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

16       155.    Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba

17   WELLPATH, and DOE 1 to 20's actions and inactions constituted oppression, fraud, and/or malice

18   resulting in great harm.

19       156.    JONATHAN MADRIGAL was injured as a direct and proximate result Defendants

20   COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI,

21   CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20's actions and

22   inactions, entitling Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL to receive compensatory

23   damages against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S

24   OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and

25   DOE 1 to 20; and punitive damages against Defendants JOHN D'AGOSTINI, CALIFORNIA

26   FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20.

27       WHEREFORE, Plaintiffs LUIS MADRIGAL and CARMEN MADRIGAL pray for relief as

28   hereunder appears.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ESTATE OF JONATHAN MADRIGAL, LUIS MADRIGAL, and CARMEN MADRIGAL seek Judgment as follows:

1.      For an award of compensatory, general, special, and nominal damages (including survival damages and wrongful death damages under federal and state law) against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20, in excess of $30,000,000, according to proof at trial;

2.      For an award of exemplary/punitive damages against Defendants JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally and statutorily protected rights, or were wantonly or oppressively done, and/or constituted oppression and/or malice resulting in great harm;

3.      For funeral and/or burial expenses;

4.      For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants COUNTY OF EL DORADO, EL DORADO COUNTY SHERIFF'S OFFICE, JOHN D'AGOSTINI, CALIFORNIA FORENSIC MEDICAL GROUP dba WELLPATH, and DOE 1 to 20, pursuant to California Civil Code §§ 52, 52.1, and any other statute as may be applicable (except that no punitive damages are sought against Defendants COUNTY OF EL DORADO and EL DORADO COUNTY SHERIFF'S OFFICE, pursuant to California Civil Code § 818);

5.      For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, California Civil Code § 52.1, California Code of Civil Procedure § 1021.5, and any other statute as may be applicable;

6.      For interest; and

\ \ \

\ \ \

\ \ \

7.     For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: November 15, 2023                    Respectfully Submitted,

By: _____
     Mark E. Merin
     Paul H. Masuhara
     LAW OFFICE OF MARK E. MERIN
     1010 F Street, Suite 300
     Sacramento, California 95814
     Telephone: (916) 443-6911
     Facsimile: (916) 447-8336

     Attorneys for Plaintiffs
     ESTATE OF JONATHAN MADRIGAL,
     LUIS MADRIGAL, and CARMEN MADRIGAL

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Madrigal v. County of El Dorado*, United States District Court, Eastern District of California, Case No. _____

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs ESTATE OF JONATHAN MADRIGAL, LUIS MADRIGAL, and CARMEN MADRIGAL.

Dated: November 15, 2023                    Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone: (916) 443-6911
    Facsimile: (916) 447-8336

    Attorneys for Plaintiffs
    ESTATE OF JONATHAN MADRIGAL,
    LUIS MADRIGAL, and CARMEN MADRIGAL

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Estate of Madrigal v. County of El Dorado*, United States District Court, Eastern District of California, Case No. _____